THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCINDO P. ULIBARRI,

       Plaintiff,

v.                                                                                           No. Civ. 07-21 JCH/RHS

NOVARTIS PHARMACEUTICALS
CORPORATION,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

      Defendant Novartis Pharmaceuticals Corporation ("Defendant" or "Novartis") is a defendant in three separate cases in the United States District Court for the District of New Mexico: *Ulibarri v. Novartis*, No. Civ. 07-21 JCH-RHS ("*Ulibarri*"); *Sage-Allison v. Novartis*, No. Civ. 07-25 KJG-GBW ("*Sage-Allison*"); and *Plotner v. Novartis*, No. Civ. 07-605 WJ-RLP ("*Plotner*"). All three cases were filed in this Court in 2007 and were transferred to the United States District Court for the Middle District of Tennessee, *In re: Aredia® and Zometa® Products Liability Litigation*, No. 3:06-MD-1760, for coordinated or consolidated pretrial proceedings with hundreds of additional actions involving questions of fact that are common to the actions. *See Sage-Allison*, No. Civ. 07-25, Conditional Transfer Order, ECF No. 7; *Plotner*, No. Civ. 07-605, Conditional Transfer Order, ECF No. 6; *Ulibarri*, No. Civ. 07-21, Conditional Transfer Order, ECF No. 8. Following completion of the coordinated or consolidated pretrial proceedings in the Middle District of Tennessee, on January 17, 2012, the *Sage-Allison* case was remanded to this district, and on December 31, 2013, the *Plotner* and *Ulibarri* cases were remanded to this district. *See Sage-Allison*, No. Civ. 07-25, Conditional Remand Order, ECF No. 9; *Plotner*, No.

Civ. 07-605, Conditional Remand Order, ECF No. 8; *Ulibarri*, No. Civ. 07-21, Conditional Remand Order, ECF No. 10.

On June 20, 2014, Plaintiffs in each case filed a motion to consolidate the cases for pretrial purposes only under the *Sage-Allison* case.  *See Sage-Allison*, No. Civ. 07-25, Pls.' Motion Consolidate Cases for Pretrial Purposes, ECF No. 68; *Plotner*, No. Civ. 07-605, Pl.'s Motion Consolidate Cases for Pretrial Purposes, ECF No. 10; *Ulibarri*, No. Civ. 07-21, Pl.'s Motion Consolidate Cases for Pretrial Purposes, ECF No. 26.  This Court, having considered the motion, briefs, evidence, relevant law, and otherwise being fully advised, concludes that Plaintiff Ulibarri's motion to consolidate should be denied.

## I.     STANDARD

"If actions before a court involve a common question of law or fact, the court may" consolidate the actions, join for hearing any or all matters at issue in the actions, or enter any other orders to avoid unnecessary costs or delays. Fed. R. Civ. P. 42(a).  Whether to grant a motion to consolidate is in the trial court's discretion. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  Once the district court determines there is a common question of law or fact, the Court weighs the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).  The party moving for consolidation bears the burden of proving that consolidation is desirable. *Id*.

## II.    ANALYSIS

This case involves certain common questions of law and fact:  all three cases involve claims that the Plaintiffs received infusions of Defendant's bisphosphonate drugs that allegedly caused a type of jaw death:  bisphosphonate induced/related osteonecrosis of the jaws ("BONJ").

The judicial panel on multidistrict litigation already determined that there are some common questions of law and fact when it consolidated these three cases together, along with hundreds of other cases, for certain pre-trial proceedings in the Middle District of Tennessee. This Court must thus weigh the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause.

As an initial matter, the *Sage-Allison* case is in a completely different procedural posture from the cases of *Ulibarri* and *Plotner*. In *Sage-Allison*, discovery has concluded and Defendant filed dispositive motions in the case. The Honorable Gregory B. Wormuth has entered Proposed Findings and Recommended Disposition and advises that Defendant should be granted summary judgment in that case. *See Sage-Allison*, No. Civ. 07-25, Proposed Findings and Recommended Disposition, ECF No. 75. Although the Honorable Kenneth J. Gonzales has not yet ruled on the anticipated objections that Plaintiff intends to file, *Sage-Allison* is in a completely different procedural stage from the cases of *Ulibarri* and *Plotner*, in both of which discovery is not yet complete and dispositive motions deadlines have not passed. *See Plotner*, No. Civ. 07-605; *Ulibarri*, No. Civ. 07-21, Scheduling Order, ECF No. 34. For these reasons, consolidation of the *Sage-Allison* case with *Ulibarri* and *Plotner* would serve only to delay the disposition of *Sage-Allison* and prejudice the parties in that case. The Court will therefore deny consolidation of this case with *Sage-Allison*.

As for the *Plotner* case, a number of factors weigh against consolidating these actions. First, although both the plaintiffs were diagnosed with BONJ after taking Zometa®, significant other factual differences pertaining to their medical histories will result in different legal questions that are individualized to their cases. For example, given the differences in initial diagnoses that resulted in the Zometa® prescription, the additional medical treatments the

3

plaintiffs' underwent for their underlying disease, and the different warnings received by their respective medical providers, the causation analysis in each case will necessarily differ. The summary judgment analyses will thus be separate. Plaintiffs also have not shown that there will be an overlap in lay or expert witnesses. The cases are thus likely to have far different motions in limine pertaining to the specific medical providers. Individual questions of law and fact appear to predominate over common ones at this stage in the litigation, a conclusion reflected by the fact that the cases were remanded at this stage by the judicial panel for multi-district litigation.

Further counseling against consolidation is the fact that Plaintiffs do not request consolidation for trial. Plaintiffs want one judge to make all evidentiary rulings, including rulings on jury instructions, and then return to the other judges their respective cases only to be bound by all decisions of their colleague. The judges in the newer cases will have to read all decisions made by their colleague and review the evidence in order to become sufficiently familiar with the case to try the remaining issues. Consolidating the actions for pre-trial motion practice will thus not result in any significant conservation of the Court's resources. *Cf. Servants of Paraclete*, 866 F.Supp. at 1572-73 (declining to consolidate cases, despite common issues of fact and law, because individual questions of law and fact predominated and would not significantly conserve court resources).

As for Plaintiffs' argument that it anticipates Novartis will flood the Court with page after page of identical argument on identical issues, the Court may revisit consolidation on identical motions or objections should that proverbial flood occur. At this time, however, Plaintiffs have not met their burden of showing that consolidation is in the best interests of the parties or the Court.

**IT IS THEREFORE ORDERED** that Plaintiff Ulibarri's Motion to Consolidate Cases for Pretrial Purposes (**ECF No. 26**) is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**